IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARRY NEAL ADAMS, 1059962, Petitioner, | ) ) ) |
| v. | ) No. 3:05-CV-1642-L ) ECF |
| NATHANIEL QUARTERMAN, Director TDCJ-CID, Respondent. | ) ) ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner filed this petition pursuant to 28 U.S.C. § 2254. He challenges a disciplinary proceeding in which he lost twenty-one days of good time credit, forty-five days of recreation and commissary privileges, and was placed in administrative segregation.

After exhausting the prison grievance procedures, Petitioner filed this federal petition. He argues that his due process rights were violated because: (1) there was insufficient evidence to support a finding of guilt; (2) the charging officer offered contradictory information on his written report and statement; (3) the hearing officer was biased; (4) TDCJ violated its own policy and procedures; (5) he was denied an impartial review; and (6) he was unlawfully placed in administrative segregation.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge** Page -1-

On March 3, 2006, Respondent filed his answer. On March 16, 2006, Petitioner filed his reply. The Court now finds the petition should be denied.

## II.  Discussion

**1.     Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this

case is subject to review under the AEDPA.

**2.     Recreation/Commissary Privileges and Administrative Segregation**

As a result of the disciplinary proceedings, Petitioner lost forty-five days of recreation and commissary privileges, and was placed in administrative segregation. The temporary loss of recreation and commissary privileges presents no issue of constitutional magnitude. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Temporary restrictions, such as those imposed on Petitioner, do not represent atypical and significant hardships in relation to the ordinary incidents of prison life.[1]  *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (finding that cell restrictions and loss of commissary privileges are "merely changes in the conditions of [ ] confinement and do not implicate due process concerns."); *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995 ("administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."); *Haper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications."); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) ("absent exigent circumstances, administrative segregation as such, will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest."). Petitioner's claims should therefore be denied.

---

[1] Petitioner amended his petition to add the claim that he was unlawfully placed in administrative segregation.  He does not state the duration of this confinement, and has therefore failed to show the confinement was atypical and significant.

**3.     Loss of Good Time Credits**

Petitioner lost twenty-one days of good time credits. To the extent this loss affects Petitioner's parole date, his claim for relief fails. In Texas, there is no constitutional expectancy of parole. *Madison*, 104 F.3d at 768. Further, in Texas, only sanctions that result in the loss of good of good time credits for inmates who are eligible for release on mandatory supervision will create a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison*, 104 F.3d at 768. Petitioner is not entitled to release on mandatory supervision because he was convicted of murder. *See* TEX. GOV'T CODE ANN. § 508.149(a). Because Petitioner has no constitutionally protected right to parole or mandatory supervision, his loss of good time credits does not raise a constitutional claim. The petition should therefore be denied.

**4.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

    This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

    Signed this 5th day of September, 2006.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).