IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BARRY NEAL ADAMS, # 1059962**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:05-CV-1642-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **TDCJ-CID**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

This is a habeas case brought under 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(b) and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation.  On September 5, 2006, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed. Petitioner Adams filed his Objections to Magistrate's Report and Recommendations ("Objections") on September 20, 2006.  The magistrate judge found that the petition should be dismissed on its merits.  After making an independent review of the pleadings, file and record in this case and the magistrate judge's Report, the court determines that the findings and conclusions of the magistrate judge are correct.

Petitioner Adams brought this petition on August 16, 2005, to challenge a state prison disciplinary proceeding that found he had fought another inmate using a weapon.  As a result of the proceeding, Adams lost twenty-one days of good time credit, forty-five days of recreation and commissary privileges and was placed in administrative segregation.  Under the relevant terms of the Antiterrorism and Effective Death Penalty Act of 1996, which governs this petition, a federal

**Order – Page 1**

court may grant a writ of habeas corpus if a state proceeding resulted in a decision (1) "contrary to, or involved ed an unreasonable application of, clearly established Federal law"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2244(d)(1), (2).  The magistrate judge found that Adams's loss of recreation and commissary privileges,  and the imposition of his administrative segregation do not raise issues of constitutional magnitude, because inmates generally do not have a constitutionally protected liberty interest in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that prisoners' liberty interests are generally "limited to freedom from restraint, which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (holding that "absent exigent circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." (quoting *Pichardo v. Kinker*, 73 F.3d 612 (5th Cir. 1996))).

Petitioner Adams objects that his "long term confinement" in administrative segregation is an "atypical hardship" because it has lasted twenty-three months; and that the magistrate judge failed to consider his claim that the state proceedings denied him due process.  *See* Petitioner's Objections at 1, 3.  In a § 2254 petition for habeas corpus, the Petitioner bears the burden of proving that the state proceedings unreasonably applied federal law, including any requirements for due process. *See Woodford v. Viscotti*, 537 U.S. 19, 25 (2002).  In this case, Adams asserts that the prison's proceedings lacked due process or fairness because he was found guilty based solely on the disciplinary officer's report.  *See* Adam's Petition at 7.   Thus, Adams's complaint goes to the credibility of the officer's report and fails to raise a due process claim.  Adams has also failed to

show a deprivation of a liberty interest without due process, because his mere assertion that his twenty-three month confinement in administrative segregation is excessive fails to demonstrate that it imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life.  The magistrate judge's findings and conclusions are, therefore, **accepted** as those of the court. Accordingly, the court **overrules** Adams's Objections and **dismisses with prejudice** Adams's petition for the writ of habeas corpus.

**It is so ordered** this 29th day of September, 2006.


Sam A. Lindsay
United States District Judge